UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUANTEL I. CHAMBLISS,

    Petitioner,

        v.                              CAUSE NO. 3:20-CV-678-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Quantel I. Chambliss, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-19-7-119) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of engaging in sexual conduct in violation of Indiana Department of Correction Offense 216. Following a hearing, he was sanctioned with a loss of thirty days earned credit time.

Chambliss argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence for a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines Offense 216 as "[s]exual intercourse . . . with the consent of the other offender" or "[m]aking a request . . . [to] another person to have sexual contact." ECF 9-12 at 6. It defines "sexual contact" as:

> Touching of the intimate parts of one person to any part of another person whether clothed or unclothed; or
>
> Any touching by any part of one person with any object or device of the intimate parts of another person or any parts of the body that may result in sexual arousal or gratification for either party.

ECF 9-13 at 6-7. It defines "sexual intercourse" as:

> Any penetration, however slight, by the penis into the mouth, vagina, or anus of another person, or any penetration in these areas by any part of the body or any object.

*Id.*

The administrative record includes a conduct report in which a correctional officer represents that she found two letters in Chambliss' sweatpants that were of a sexual nature. ECF 9-1. It also includes a copies of these letters, which appear to be addressed to another inmate. ECF 1-3. The letters describe "sexual intercourse" and "sexual contact" as defined by departmental policy with reference to Chambliss and another inmate and state, "I'll be looking forward to our next kiss, touch encounter." This language could be reasonably construed as a statement that sexual conduct had occurred and as a request to engage in further sexual conduct. The conduct report and the letter constitute some evidence that Chambliss committed the offense of sexual conduct. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

2

Chambliss argues that he is entitled to habeas relief because he was denied the opportunity to pursue an administrative appeal at the departmental level. The right to administrative appeal is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, the claim that he was denied the opportunity to pursue an administrative appeal at the departmental level is not a basis for habeas relief.

Chambliss argues that he entitled to habeas relief because correctional staff did not comply with departmental policy when they did not screen him or provide him with a hearing within the applicable timeframes and when they did not use the proper forms to continue the hearing. The failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, the claim that correctional staff did not comply with departmental policy is not a basis for habeas relief.

Because Chambliss has not asserted a valid claim for habeas relief, the habeas petition is denied. If Chambliss wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding.

*See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Quantel I. Chambliss leave to proceed in forma pauperis on appeal.

SO ORDERED on September 21, 2021

                                        s/ Michael G. Gotsch, Sr.
                                        Michael G. Gotsch, Sr.
                                        United States Magistrate Judge